IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 16-3215 JP |
| ) | |
| vs. ) | |
| ) | |
| DAVID ABRISZ, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, through its undersigned counsel, hereby files this sentencing memorandum in support of the Rule 11(c)(1)(C) agreement entered into by the parties.

## FACTUAL BACKGROUND

The Presentence Report ("PSR") accurately summarizes the offense conduct in this case. See PSR at ¶¶13 to 21. As summarized in the PSR, Defendant distributed and possessed a large number of images and videos of child pornography. After applying a conversion of videos to images, Defendant is estimated to have possessed approximately 4,569 images of child pornography. Some of the images depicted prepubescent minors who had not attained the age of twelve years old. Defendant knowingly engaged in distribution of this material by sharing images via Skype. Defendant disclosed during his interview with investigators that he would receive images in return for images sent to other collectors. The images included sadistic or masochistic images, including a prepubescent female lying on her back while an adult male penetrated her vagina with his penis. Defendant has displayed a pattern sexual abuse or exploitation of minors, in that he has prior convictions for sexual offenses against minors, such

1

conduct occurring at different times with different victims. The conduct identified in Defendant's prior sex offenses are offenses under state law that would have been offenses under federal definitions of sexual abuse. *Id.* at ¶ 22.

## ARGUMENT

### I. The Presentence Report Accurately Reflects Defendant's Guideline Range.

It is the position of the United States that the PSR accurately reflects a base offense level of 22. PSR at ¶29. Defendant received a two-level increase pursuant to USSG § 2G2.2(b)(2) because the material involved prepubescent minors, who had not attained the age of 12 years. *Id.* at ¶30. Defendant received a five-level increase pursuant to § 2G2.2(b)(3)(B) because the offense involved the distribution of child pornography in exchange for a thing of value. *Id.* at ¶31. The Defendant received a four-level increase because the offense involved material that portrayed sadistic or masochistic conduct, pursuant to § 2G2.2(b)(4). *Id.* at ¶32. The Defendant received a five-level increase because of his prior conduct reflected in the PSR at ¶46. *Id.* at ¶33. The Defendant received a two-level increase for the use of a computer in the commission of the offense, pursuant to § 2G2.2(b)(6). *Id.* at ¶34. Because the offense involved over 600 images, the Defendant received a five-level increase pursuant to § 2G2.2(b)(7)(D). *Id.* at ¶35. Finally, Defendant received a three level reduction for acceptance of responsibility. *Id.* at ¶¶41-42. An adjusted offense level of 42, combined with a criminal history category II, *id.* at ¶ 49, results in a sentencing guideline range of 360 months to life. *Id.* at ¶69. Because the statutory maximum sentences are less than the maximum of the applicable guideline range, the effective guideline sentencing range is 360 months to 1,200 months. *Id.*, citing USSG § 5G1.2(b).

## II. Defendant is Subject to the Mandatory Restitution Provision of 18 U.S.C. § 2259.

Pursuant to his plea agreement, Defendant agreed to pay restitution in the amount of $1,000 to any victim associated with any and all counts of the indictment, who requests restitution prior to sentencing. Doc. 35 at ¶16. Defendant possessed approximately 969 image files and approximately 48 videos of child pornography depicting previously identified children. PSR at ¶20; Doc. 35 at ¶8. The files were examined by the National Center for Missing and Exploited Children (NCMEC), and Defendant was found in possession of approximately 134 known series of child pornography. The United States continues its effort to identify victims that wish to submit a restitution request and will file a supplemental memorandum once the restitution request is finalized.

## III. The Statutory Sentencing Factors Warrant a 25-Year Sentence.

Pursuant to 18 U.S.C. §3553(a), "the court shall impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes detailed in 18 U.S.C. §3553(a)(2). As an initial matter, the Court shall consider the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). In the Tenth Circuit, "[d]istrict courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. §3553(a), even when those facts are already accounted for in the advisory guidelines range." *United States v. Yanez-Rodriguez*, 555 F.3d 931, 946 (10th Cir. 2009).

The distribution and possession of child pornography is not a victimless crime—it encourages the sexual exploitation and rape of children. Further, possession of child pornography does not occur in a vacuum. The images possessed by Defendant recorded the sexual exploitation of real children. Defendant's receipt, distribution, collection, and viewing of

child pornography actively fed the illegal market for these images. *See* 136 Cong. Rec. S4729-30 (April 20, 1990) (statement of Sen. Thurmond) (the possession of child pornography "encourage[s] its continual production and distribution"); Child Pornography Prevention Act of 1995, S. Rep. 104-358, 104th Cong., 2nd Sess. 1996, 1996 WL 506545, at 3 (the goal in criminalizing the possession of child pornography was to "encourage the possessors of such material to rid themselves of or destroy the material, thereby helping to protect the victims of child pornography and to eliminate the market for the sexual exploitative use of children").

Defendant's conduct helped to encourage and support what Congress has called, "a national tragedy" in which "[e]ach year tens of thousands of children under the age of 18 are believed to be filmed or photographed while engaging in sexually explicit acts for the producers own pleasure or profit." H.R. Rep. 98-536 at 1 (1983), reprinted in 1984 U.S.C.C.A.N. 492. However, "[t]he 'victimization' of the children involved does not end when the camera is put away." *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998). Defendant's possession of child pornography contributes directly to the harm inflicted on that child. The consumer of sexual images causes children of pornographic abuse to suffer in various ways: (1) the abuse is perpetuated through dissemination, (2) the existence of the image is an invasion of the child's privacy, and (3) the demand for the creation of more images is created by the consumer. *Id.* at 929-390. Therefore, Defendant's possession of these destructive images, in itself, warrants a sentence of 25 years due to the serious nature of the offense.

In addition to considering the nature and circumstances of the offense and the history and characteristics of the defendant, the Court shall also consider:

> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;

>           (C) to protect the public from further crimes of the defendant; and
>           (D) to provide the defendant with needed educational or vocational training,
>               medical care, or other correctional treatment in the most effective manner.
>       …
>       (6) the need to avoid unwarranted sentence disparities among defendants with similar
>           records who have been found guilty of similar conduct.

18 U.S.C. §§3553(a)(2) and (6).

The need to protect the public from further crimes of Defendant is great. Notably, numerous child pornography offenders with no known prior sexual criminal history later admit to prior sexual contact offenses. Andres E. Hernandez, Psy.D., *Self-Reported Contact Sexual Offenses by Participants in the Federal Bureau of Prisons' Sex Offender Treatment Program: Implications for Internet Sex Offenders*, presented at the 19th Annual Conference Research and Treatment Conference of the Association for the Treatment of Sexual Abusers, San Diego, CA at 5-6 (November 2000). Here, there is no need to draw inferences or speculate—Defendant is a convicted sexual predator. PSR at ¶46.

## **CONCLUSION**

The United States advocates for this Court to accept the Rule 11(c)(1)(C) plea agreement stipulating to a sentence of 25 years. The defendant's sentencing guideline range, after acceptance of responsibility, is 360 months to life (Total Offense Level 42 at Criminal History Category II). A 25-year sentence (300 months) is within the guideline range of a three-level departure (Offense Level 39 at Criminal History Category II yields a guideline imprisonment range of 292 to 365 months). A sentence of 25 years is sufficient, but not greater than necessary to comply with the factors set forth in 18 U.S.C. § 3553(a)(2).

WHEREFORE, for the foregoing reasons, the United States requests this Court accept the Rule 11(c)(1)(C) agreement, and sentence the defendant to a term of incarceration of 25 years.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

*Electronically filed on 09/13/2017*
SARAH J. MEASE
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that the foregoing pleading was electronically filed through the CM/ECF system, which caused counsel of record for defendant to be served by electronic means.

*/s/*
SARAH J. MEASE
Assistant United States Attorney